IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROYAL SURPLUS LINES INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action 04-1728 ) |
| BRONDER TECHNICAL SERVICES, INC, MIRK, INC, ERIC RAHM, JILL RAHM, DUQUESNE LIGHT COMPANY, SWANK ASSOCIATED COMPANIES, INC, THE DEPARTMENT OF TRANSPORTATION OF THE COMMONWEALTH OF PENNSYLVANIA, BOROUGH OF TURTLE CREEK, MICHAEL BAKER, JR., ALTEC INDUSTRIES, INC, MOBILE AERIAL TOWERS, INC, NAVISTAR INTERNATIONAL CORPORATION, SIMON AERIALS, INC, SIMON TELELECT, INC TEREX AERIALS, INC, TEREX-TELELECT, INC, TEREX CRANES, INC, FREUND EQUIPMENT, INC, DANA CORPORATION, PARKER HANNIFIN CORPORATION, COMMERCIAL INTERTECH CORP, FLORIG EQUIPMENT COMPANY, INC, and EATON CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

ORDER

Plaintiff Royal Surplus Lines Insurance Company instituted this declaratory judgment action to determine the applicability of an insurance policy pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq.* Pending before the court are the motions to dismiss filed by defendants Simon Aerials, Inc, Simon Telelect, Inc., Terex Aerials, Inc, Terex-Telelect, Inc, Terex Cranes, Inc. (Doc. No. 10) and Mirk, Inc. (Doc. No. 52). Except in narrowly-defined

circumstances (such as when the issues involve federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding), federal courts have discretion to exercise jurisdiction under the Declaratory Judgment Act.  State Auto Ins. Cos. v. Summy, 234 F.3d 131, 134 (3d Cir. 2000); Allstate Ins. Co. v. Seelye, 198 F.Supp.2d 629, 632 (W.D. Pa. 2002) (noting the discretionary nature of the Declaratory Judgment Act and holding that the court could decline to exercise jurisdiction under a declaratory judgment action *sua sponte*).[1]  In this case, the court will utilize its discretion and decline to exercise jurisdiction over plaintiff's complaint.  As a result, the court GRANTS the motions to dismiss (Docs. No. 10 and 52) filed by defendants for the reasons set forth on the record at the August 25, 2005 hearing.

Therefore, this 29th day of August, 2005, IT IS HEREBY ORDERED that plaintiff's declaratory judgment action is dismissed without prejudice to the parties' rights to fully litigate these matters in the state court.

The clerk shall mark this case closed.

By the court:

/s/ Joy Flowers Conti
Hon. Joy Flowers Conti

cc:     Counsel of Record

---

[1]     In Summy, the United States Court of Appeals set forth three factors for courts to consider when deciding whether to exercise their discretion over declaratory judgment actions involving insurance coverage issues: (1) a general policy of restraint when the same issues are pending in a state court; (2) an inherent conflict of interest between an insurer's duty to defend in state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion; and (3) avoidance of duplicative litigation.  Id.